# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20256

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2013

Lyle W. Cayce
Clerk

EUGENIA M. WOODARD,

Plaintiff-Appellant

v.

TEXAS SOUTHERN UNIVERSITY,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-337

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eugenia M. Woodard, a non-prisoner proceeding pro se, moves for leave to proceed in forma pauperis (IFP) on appeal. She filed this civil rights action against Texas Southern University (TSU), alleging that the University violated her civil rights by requiring her to repeat a course before receiving her degree. The district court dismissed Woodard's action with prejudice for lack of jurisdiction under Eleventh Amendment immunity as argued by TSU in its motion to dismiss and as time-barred. Denying Woodard's motion for leave to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed IFP on appeal, the district court determined that the appeal was not taken in good faith. In its order, the district court informed Woodard that she could challenge the court's finding under *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

By moving to proceed IFP, Woodard is challenging the district court's certification that her appeal is not taken in good faith. *See Baugh*, 117 F.3d at 202. Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal under 5th Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

Woodard does not challenge the district court's reasons for dismissing her complaint or denying her leave to proceed IFP on appeal. Pro se briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Woodard has failed to challenge any legal aspect of the district court's disposition of the claims raised in her complaint or the certification that her appeal is not taken in good faith, she has abandoned the critical issues of her appeal. *Id.* Thus, the appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Woodard's motion for leave to proceed IFP on appeal is DENIED, and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.